5L 113
7L 293

NANCY M. KERBAUGH *et al. v.* LOUISA J. VANCE *et al.*

GUARDIAN AD LITEM. *Fee. Lien.* A guardian *ad litem* is entitled to compensation for his services in conducting the suit of his ward; and is entitled to a lien for the same upon the property protected.

### FROM GREENE.

Appeal from the Chancery Court at Greeneville. H. C. SMITH, Ch.

R. M. McKEE and E. C. REEVES for complainants.

H. H. INGERSOLL and S. J. KIRKPATRICK for defendants.

TURNEY, J., delivered the opinion of the court.

Suit was instituted in the chancery court of Greene county to recover of defendants two tracts of land. A portion of the defendants are minors, and defend by their guardian *ad litem*, S. J. Kirkpatrick, appointed by the chancellor. The defense was successful, and a motion is now made for the allowance of a reasonable fee to the guardian *ad litem*, and that a lien be declared upon the lands protected for its payment.

This case is different from those in which we have declared no lien can be allowed to an attorney who has merely protected property. In these cases the clients were *sui juris*, and capable of making their contracts with solicitors and furnishing the security

requisite. In this case the defendants are *non sui juris,* and are the wards of the court, which must represent them in the procurement of counsel. We have heretofore decided that in the appointment of guardians *ad litem* it is the duty of the court to select men learned in the law and capable of taking care of the interests of their wards. An officer of the court selected by the court to protect the interests of minors, cannot ordinarily, upon good grounds, excuse himself from accepting the appointment, nor is it expected of him to perform the duties without compensation. In the case first mentioned, counsel may with propriety decline to represent litigants unless their fees are secured. As the court has the power to appoint the guardian *ad litem* and impose duties upon him for the benefit of minors, it is but an incident to that power that it may set apart to him reasonable compensation out of the estate of the wards under the control of the court.

The motion is allowed in both its aspects, and the cause remanded for the ascertainment of the fee.